# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **KEITH GRUBBS,**<br><br>*Plaintiff*,<br><br>v.<br><br>**WILLIAM J. COCHRAN**[1] **and COCHRAN COACHWORKS, INC.,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:23-cv-00244-TES** |

## ORDER

In his Complaint [Doc. 1], Plaintiff Keith Grubbs alleges that Defendant William J. Cochran and Defendant Cochran Coachworks, Inc., violated the Fair Labor Standards Act 1938, 29 U.S.C. § 201 *et seq.* [Doc. 1]. On August 10, 2023, Defendant Cochran filed an Answer [Doc. 6] to Plaintiff's Complaint on behalf of himself and his previous company, Defendant Cochran Coachworks. [Doc. 6, p. 1]. However, Defendant Cochran stated that he "sold Cochran Coachworks, Inc.[,] on February 28, 2023. The business no longer exists. Defendant Cochran answers in his individual capacity."[2] [*Id.*].

---

[1] The Court **DIRECTS** the Clerk of Court to correct Defendant "WILLLIAM J COCHRAN," on the docket to Defendant "WILLIAM J COCHRAN."

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the Georgia Secretary of State's website, which indicates that the business status listed for Cochran Coachworks, Inc., is "Active/Noncompliance," and the last annual registration year was 2022. *Georgia Corporations Division, Business Search*, https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=144733&busine

Under Georgia law, it is unlawful for any person other than a licensed attorney to practice law in this state and for a corporation or company to render or furnish legal services. O.C.G.A. § 15-19-51(b). While a group of professionals may choose to practice as a professional corporation, those individuals must be licensed to practice their chosen profession. *See* O.C.G.A. § 14-7-4(b) ("A professional corporation shall engage in the practice of a profession only through its officers, employees, and agents who are duly licensed or otherwise legally authorized to practice the profession in this state."); O.C.G.A. § 14-10-6 ("A professional association may render professional service only through officers, employees, and agents who are themselves duly licensed or otherwise legally authorized to render professional service within this state."). Thus, because Defendant Cochran is not an attorney admitted to practice law in either the Middle District of Georgia or in the State of Georgia, he may only file an answer to Plaintiff's Complaint on behalf of himself in his individual capacity. He may not file an answer on behalf of Defendant Cochran Coachworks.

Georgia law is likewise explicitly clear when it comes to non-attorneys representing businesses in proceedings in courts of record. In *Eckles v. Atlanta*

---

ssType=Domestic%20Profit%20Corporation&fromSearch=True (last visited Aug. 15, 2023). In other words, the Court is doubtful that Cochran Coachworks, Inc., "no longer exists." [Doc. 6, p. 1].

In any event, Georgia's corporate survival statute permits dissolved corporations to engage in litigation for "any right or claim existing prior to such dissolution if action or other proceeding thereon is pending on the date of such dissolution or is commenced within two years after the date of such dissolution." O.C.G.A. § 14-2-1410; *see also Commodity Inv. Res. Co. II v. JPMorgan Chase Bank, N.A.*, No. 1:19-CV-1296-TWT, 2019 WL 2566749, at *3 (N.D. Ga. June 21, 2019).

*Technology Group, Inc.*, the Supreme Court of Georgia explained that only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record. 485 S.E.2d 22, 26–27 (Ga. 1997). It reasoned that a corporation, "[h]aving accepted the benefits of incorporation . . . must also accept the burdens, 'including the need to hire counsel to sue or defend in court . . . .'" *Id.* at 26 (citations omitted).

As a corporation, Defendant Cochran Coachworks is required to be represented by an attorney to file an answer in this proceeding—Defendant Cochran's Answer on behalf of himself and Defendant Cochran Coachworks will not suffice to constitute a responsive pleading for his company. Since Defendant Cochran is not admitted to practice law in the Middle District of Georgia or in the State of Georgia, the Court **STRIKES** the Answer as to Defendant Cochran Coachworks because it is a legally insufficient defense. Fed. R. Civ. P. 12(f). Thus, as of the filing of this Order, there is no responsive pleading filed by Defendant Cochran Coachworks. Rather than enter default immediately, the Court exercises its discretion and affords Defendant Cochran Coachworks, Inc., **21 DAYS** from the date of this Order to obtain appropriate legal counsel to file any answer or other appropriate motion on its behalf or risk default being entered against it.

**SO ORDERED**, this 15th day of August, 2023.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**